## THE FRED B. DALZELL, JR.
### No. 52.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1930.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and P. Fearson Shortridge, both of New York City, of counsel), for appellant.

Macklin, Brown, Lenahan & Speer, of New York City (J. Dudley Eggleston and

Horace L. Cheyney, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Early in the morning of November 30, 1926, the steam tug Fred B. Dalzell, Jr., left Atlantic avenue, Brooklyn, for Sixty-Fifth street, Brooklyn. There was an ebb tide, and the visibility was good, although it was rainy. As the Dalzell was going down Red Hook Channel at about 11 knots an hour, her master saw the steamship Texan of the American Hawaiian Line lying near mid-channel about half a mile ahead and on his starboard bow. Just about then, the libelant-appellee's tug Moran left Pier 4 on the Dalzell's port bow to go out to the Texan to help dock her. The master of the Dalzell saw the Moran start for the Texan and had good reason to believe she was going to that ship. When she was from 50 to 150 feet from the Texan, the tugs came together. The Moran had the Dalzell tug on her starboard hand all the time until the collision, and it was so obviously her duty to keep out of the way, The Transfer No. 11 (C. C. A.) 195 F. 497, that her inexcusable failure to do so leaves no doubt of her liability. The only question is whether the District Court was right in holding the Dalzell, Jr., also.

These tugs were on crossing courses with the Moran the burdened vessel, and, as they approached each other, the Dalzell tug sounded one blast to indicate that she would keep her course and speed as was her duty as long as the Moran could avoid her by porting or holding back or both, and she had no notice that the Moran would not do so. The Delaware, 161 U. S. 459, 16 S. Ct. 516, 40 L. Ed. 771; The Newport (D. C.) 2 F.(2d) 255. But the Moran replied to her one-blast signal with two blasts, and so notified the Dalzell that it elected to ignore the starboard hand rule and go ahead. That tug then blew an alarm signal and reversed at full speed, but it was too late to avoid collision. While the Dalzell tug was bound to act prudently, which, of course, includes both the kind and time of action, to avoid collision, even though the Moran was at fault, she had the right to believe that the Moran would comply with the rule and to act accordingly in keeping her own course and speed until she had notice that the Moran was trying to go ahead of her. When she knew that, we think the record shows that she did the best she could to stop. Some suggestion has been made that, had her speed been less, she would have had time to stop, even after the Moran signaled, and allow her to clear. This is doubtless so. But she was certainly under no duty to so regulate her speed that she could stop in safety for the Moran to pass ahead whenever and however late that burdened vessel saw fit to notify her that she was about to risk collision in so doing in violation of the starboard hand rule. See The Chicago (C. C. A.) 125 F. 712, 716. We see no justification for the charge that the Dalzell tug stubbornly held on into collision, however well that does characterize the conduct of the Moran. The latter tug's insistence upon crossing ahead when she should have gone behind wrongfully put both vessels into positions where danger of collision was imminent. In the absence of clear proof that the privileged vessel, then acting in extremis, was at fault in failing to avert the collision in spite of the conduct of the wrongdoer, we think the vessel which took the chance, violated the rule, and created the danger, is wholly responsible for the result. Compare The Lexington (C. C. A.) 275 F. 279; The City of New York, 147 U. S. 72, 13 S. Ct. 211, 37 L. Ed. 84; The Oregon, 158 U. S. 186, 15 S. Ct. 804, 39 L. Ed. 943; The Gulf of Mexico (C. C. A.) 281 F. 77; The Cranford (C. C. A.) 27 F.(2d) 710.

Decree modified to hold the Moran solely at fault.